In re Petition for **DISCIPLINARY ACTION AGAINST Richard Lee SWANSON, a Minnesota Attorney, Registration No. 173423.**

No. A14–1589.

Supreme Court of Minnesota.

March 10, 2015.

---

### ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Richard Lee Swanson committed professional misconduct warranting public discipline, namely: with respect to four client matters, failing to adequately communicate with clients, failing to diligently pursue client cases, failing to appear for hearings, failing to obtain the consent of one client to the involvement of substitute counsel, making a false statement to one client, failing to properly refund the unearned portion of clients' retainers, and failing to provide a copy of one client's file; and committing trust ac-

count violations by failing to maintain proper trust account books and records, failing to promptly withdraw earned fees from a trust account, commingling earned fees with client funds, and failing to deposit advance attorney fees payments and an advance filing fee payment in trust, in violation of Minn. R. Prof. Conduct 1.1, 1.3, 1.4(a)(3) and (4), 1.5(b), 1.6(a), 1.15, 1.16(d), 4.1, and 8.4(b), (c), and (d).

Respondent waives his procedural rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), withdraws his previously filed answer, and unconditionally admits the allegations in the petition. The parties jointly recommend that the appropriate discipline is a 90–day suspension and 2 years of supervised probation. In their stipulation, the parties indicate that respondent presented evidence of several mitigating factors to the Director.

The court has independently reviewed the file and approves the recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

1. Respondent Richard Lee Swanson is suspended from the practice of law for a minimum of 90 days, effective 14 days from the date of the filing of this order.

2. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals).

3. Respondent shall pay $900 in costs pursuant to Rule 24, RLPR.

4. Respondent shall be eligible for reinstatement to the practice of law following the expiration of the suspension period provided that, not less than 15 days before the end of the suspension period, respondent files with the Clerk of Appellate Courts and serves upon the Director an affidavit establishing that he is current in

continuing legal education requirements, has complied with Rules 24 and 26, RLPR, and has complied with any other conditions for reinstatement imposed by the court.

5. Within 1 year of the date of the filing of this order, respondent shall file with the Clerk of Appellate Courts and serve upon the Director proof of successful completion of the professional responsibility portion of the state bar examination. Failure to timely file the required documentation shall result in automatic re-suspension, as provided in Rule 18(e)(3), RLPR.

6. Upon reinstatement to the practice of law, respondent shall be subject to probation for 2 years, subject to the following conditions:

(a) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation. Respondent shall promptly respond to the Director's correspondence by its due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify respondent's compliance with the terms of this probation;

(b) Respondent shall abide by the Minnesota Rules of Professional Conduct;

(c) Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director, to monitor compliance with the terms of this probation. Within 14 days from the date of the filing of this order, respondent shall provide the Director with the names of three attorneys who have agreed to be nominated as respondent's supervisor. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director shall seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall, on the first day of each month, provide the Director with an inventory of client files as described in paragraph (d) below. Respondent shall make active client files available to the Director upon request;

(d) Respondent shall cooperate fully with the supervisor's efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request;

(e) Respondent shall initiate and maintain office procedures that ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts, and other persons interested in matters that respondent is handling and that will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis. Within 30 days from the date of the filing of this order, respondent shall provide to the Director and to the probation supervisor, if any, a written plan outlin-

ing office procedures designed to ensure that he is in compliance with probation requirements. Respondent shall provide progress reports as requested;

(f) Respondent shall maintain total abstinence from alcohol and other mood-altering chemicals, except that respondent may use prescription drugs in accordance with the directions of a prescribing physician who is fully advised of respondent's chemical dependency before issuing the prescription;

(g) Respondent shall attend weekly meetings of Alcoholics Anonymous or another abstinence-based recovery support group or program acceptable to the Director. Respondent shall, by the tenth day of each month, without a specific reminder or request, submit to the Director an attendance verification on a form provided by the Director, which provides the name, address, and telephone number of the person personally verifying the attendance. Such attendance verification shall also, upon request, be provided to respondent's supervisor, if any;

(h) Respondent shall initiate or continue current treatment by a licensed consulting psychologist or other mental health professional acceptable to the Director and shall complete all therapy programs recommended by the therapist; and

(i) Respondent shall maintain law office and trust account books and records in compliance with Minn. R. Prof. Conduct 1.15 and Appendix 1 thereto. These books and records include the following: client subsidiary ledger, checkbook register, monthly trial balances, monthly trust account reconciliation, bank statements, cancelled checks, duplicate deposit slips and bank reports of interest, service charges, and interest payments to the Minnesota IOLTA Program. Such books and records shall be made

available to the Director within 30 days from the date of the filing of this order and thereafter shall be made available to the Director at such intervals as he deems necessary to determine compliance.

BY THE COURT:

/s/_____
Alan C. Page
Associate Justice